**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ARNOLD REEVES, | **Hon. Renée Marie Bumb** |
| Petitioner, | Civil No. 08-6254 (RMB) |
| v. |  |
| FCI FORT DIX, | **OPINION** |
| Respondent. |  |

APPEARANCES:

    ARNOLD REEVES, #38595-054
    F.C.I. Fort Dix
    Housing Unit Z-03
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge:

Arnold Reeves, a prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his custody classification resulting from the denial of his request to change the severity offense level. This Court will summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**I.   BACKGROUND**

Petitioner is serving an aggregate 240-month term of imprisonment imposed by the United States District Court for the Southern District of New York, after he pled guilty to conspiracy to distribute and possess, with intent to distribute, one kilogram and more of phencyclidine.  See United States v. Reeves, Crim. No. 96-0325-LAP-1 judgm. (S.D.N.Y. April 17, 2000), aff'd C.A. No. 00-1295 (2d Cir. Aug. 7, 2002).  Petitioner's projected release date is February 1, 2015.  See BOP Inmate Locator http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch &needingMoreList=false&IDType=IRN&IDNumber=38595-054&x=60&y=18 (last accessed Jan. 11, 2009).

Petitioner, who is currently incarcerated at FCI Fort Dix, filed this § 2241 Petition (which the Clerk received on December 16, 2008), together with several documents, including the Warden's denial of his Administrative Remedy Request on August 29, 2008, and the Regional Director's decision, dated October 9, 2008, affirming the Warden.  The Petition raises one ground:

> Asking to remove greatest severity off my record/custody classification.  Program Statement 51008 has Reeves under greatest severity of seven points by B.O.P.  Reeves has no co-defendant or is Reeves crime extensive 3.B1.1(c) the evidence against Reeves is 1 gallon, 3.785 liters, which is liquid form, not the actual, or vital essential part of the drug (PC) D.E.A. lab test showed only 2.2999 grams less than 3 grams of the actual drug, Your Honor.

(Pet. ¶ 10.a.)

The documents attached to the Petition show that on approximately August 13, 2008, Petitioner submitted a Request for Administrative Remedy seeking removal of the Public Safety Factor of Greatest Severity from Petitioner's custody classification record.  The Warden denied administrative relief on August 29, 2008, on the ground that the Public Safety Factor of Greatest Severity was properly applied where the Presentence Investigation Report referred to Petitioner as the head of the lethal weapon organization, and Petitioner admitted during his plea proffer session that he had recruited others to work for him.  (Pet., attachment, docket entry #1, p. 22.)  On October 9, 2008, D. Scott Dodrill, BOP Regional Director, denied Petitioner's appeal based on the following:

> You[r] Presentence Report indicates you were identified as the "head" of the "Lethal Weapon" organization and were held accountable for 37,850 grams of PCP.  You stipulated that you recruited others to work for you during your proffer sessions.  Additionally, your sentencing judge imposed a sentencing guideline enhancement for your role.  We find the "Greatest Severity" offense score and accompanying Public Safety Factor have been appropriately applied.  Accordingly, your appeal is denied.

(Pet., attachment, docket entry #, p. 19.)

For relief, Petitioner seeks a writ directing the BOP to remove the Greatest Severity Offense factor from his security classification record.

**II.  DISCUSSION**

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243. Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B. Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless – . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

4

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action." Id. The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges his security classification. The problem with the Petition is that, even if this Court were to determine that the BOP improperly applied the Greatest Severity Offense and public safety factor, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an

injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." See <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005). Because a judgment in Petitioner's favor in this action would not affect the fact or duration of Petitioner's confinement, habeas relief is unavailable and a civil complaint is the appropriate form of remedy. See <u>Ganim v. Federal Bureau of Prisons</u>, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons); <u>Bronson v. Demming</u>, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).[1] The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed <u>Bivens</u> complaint.[2]  <u>Id.</u>

---

[1] This Court makes no finding regarding the merits of Petitioner's claim.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted <u>in forma pauperis</u> status do not have to pay the filing fee. See <u>Santana v. United States</u>, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to <u>in forma pauperis</u> habeas corpus petitions and appeals). In contrast, the filing fee of a civil complaint is $350.00. Inmates filing a <u>Bivens</u>
(continued...)

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**

Dated: January 12, 2009

---

²(...continued)
action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. See 29 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil rights complaint.